UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D GREEN,

        Petitioner,

v.                                                                     Case No. 24-cv-1638-bhl

BRAD MLODZIK,

        Respondent.

**ORDER GRANTING MOTION TO DISMISS**

        On December 19, 2024, Petitioner James D. Green, a state prisoner incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.)  His petition asserts seven grounds for relief: six based on the alleged ineffectiveness of his trial counsel and one based on the alleged ineffectiveness of his appellate counsel. (*Id.* at 6–9; ECF No. 1-1 at 1–5.)  Respondent has moved to dismiss Green's petition in its entirety, contending that Green procedurally defaulted on all seven claims. (ECF No. 15.)  Because the record confirms that Green procedurally defaulted his claims, the motion will be granted.[1]

## BACKGROUND

        On October 10, 2014, a jury convicted Green of attempted first-degree homicide while using a dangerous weapon and possession of a firearm by a felon. (ECF No. 1 at 2; ECF No. 16-1 at 1.)  The trial court imposed a sentence of thirty-six years of initial confinement and fifteen years of extended supervision on the attempted homicide count. (ECF No. 16-6 at 2.)  It also imposed a concurrent sentence of ten years of imprisonment, evenly divided between initial confinement and extended supervision, on the firearm possession count. (*Id.*)

        More than four years later, in January of 2019, Green filed a postconviction motion, alleging seven claims for ineffective assistance against his trial counsel. (*Id.* at 2–3.)  His claims included challenges to counsel's failure to pursue and present alibi witness evidence and, under *State v. Denny*, 357 N.W.2d 12 (Wis. Ct. App. 1984), counsel's failure to present evidence that a

---

[1] On January 28, 2026, Green filed a motion for release on bail. (ECF No. 19.)  Given the Court's dismissal of Green's petition, his motion is denied as moot.

third party committed the crime. (*Id*.) The trial court denied six of the claims and ordered an evidentiary hearing under *State v. Machner*, 284 N.W.2d 905 (Wis. Ct. App. 1979) on Green's alibi-evidence claim. (*Id.* at 3.) Following the *Machner* hearing, on January 27, 2021, the trial court denied Green's motion for postconviction relief, finding that counsel's performance concerning the alibi issue was not deficient and that Green did not suffer prejudice to his defense. (*Id*.)

Green appealed, arguing that the circuit court erred by not granting him a new trial based on counsel's failure to pursue an alibi defense and by not granting him a *Machner* hearing based on counsel's failure to present a *Denny* defense. (*Id.* at 3–4.) On August 29, 2023, the Wisconsin Court of Appeals affirmed the circuit court's judgment. (*Id.* at 10.) Green did not petition the Wisconsin Supreme Court for review. (ECF No. 1 at 3.)

On April 19, 2024, Green filed a state law habeas petition in the Wisconsin Court of Appeals pursuant to *State v. Knight*, 484 N.W.2d 540 (Wis. 1992). *See Green v. Mlodzik*, Appeal No. 2024AP000767, https://wcca.wicourts.gov (last visited March 9, 2026). On August 2, 2024, the Court of Appeals denied the petition without a hearing, holding that Green's petition failed because he had not explained how counsel's performance was deficient or how the failures prejudiced him. *Id.* On August 28, 2024, Green petitioned the Wisconsin Supreme Court for review. *Id.* On November 12, 2024, the Wisconsin Supreme Court denied the petition. *Green v. Mlodzik*, 15 N.W.3d 777 (table decision) (Wis. 2024).

Green filed his federal habeas petition in this Court on December 19, 2024. His petition alleges six claims for ineffective assistance of trial counsel based on his trial counsel's failure to: (1) investigate and present an alibi witness;[2] (2) present *Denny* evidence; (3) subpoena additional witnesses; (4) object to a statement made in the prosecutor's closing argument; and (5) properly cross-examine investigators concerning Green's alibi. (*See* ECF No. 1 at 6–9; ECF No. 1-1 at 2, 4.) Green also alleges ineffective assistance of appellate counsel. (ECF No. 1-1 at 3.)

## ANALYSIS

Respondent insists that all of Green's claims are procedurally defaulted. With respect to Green's ineffective assistance of trial counsel claims, Respondent contends that Green's failure to exhaust those claims in state court bars federal habeas relief. (ECF No. 16 at 8–11.) Respondent

---

[2] Green asserts this issue as two separate claims, (*see* ECF No. 1 at 6; *see also* ECF No. 1-1 at 16), but the Court will address them as one.

further argues that Green's ineffective assistance of appellate counsel claim fails because the issue was resolved in the state court on independent and adequate state law grounds. (*Id.* at 11–18.) The record confirms that Respondent is correct on both points.

I. **Green Failed to Exhaust His Claims of Ineffective Assistance of Trial Counsel, and Those Claims Are Now Procedurally Defaulted.**

Under 28 U.S.C. §2254(b)(1)(A), a federal court cannot grant habeas relief unless the petitioner has exhausted his available state court remedies. The exhaustion requirement is "grounded in principles of comity," giving states the first chance to address and correct alleged federal rights violations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Exhaustion requires the petitioner to "fairly present" all federal claims through one complete round of the state's appellate review process before presenting his claims in federal court. *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

For habeas purposes, a petitioner challenging his custody under a Wisconsin criminal judgment must first pursue his claims through all state court appellate procedures, including a petition for discretionary review to the Wisconsin Supreme Court. *See Hicks v. Hepp*, 871 F.3d 513, 530–31 (7th Cir. 2017); *see also* Wis. Stat. §809.62. A notice of appeal of the Wisconsin trial court's decision must be filed within 45 days of the entry of final judgment. Wis. Stat. §808.04(1). A petition for review from the Wisconsin Supreme Court must be filed within 30 days of the decision of the Wisconsin Court of Appeals. Wis. Stat. §808.10(1). Failure to present the issues to the Wisconsin Supreme Court in a timely fashion results in procedural default. *See Bintz v. Bertrand*, 403 F.3d 859, 864 (7th Cir. 2005).

None of Green's ineffective assistance of trial counsel claims are exhausted. In his appeal from the trial court's rulings on his post-conviction motion, Green only challenged the denial of his ineffective assistance claims relating to counsel's failure to pursue alibi witnesses and a *Denny* defense. (ECF No. 16-6 at 3–4.) He did not raise any of his other claims (relating to trial counsel's alleged failure to subpoena additional witnesses, failure to object to a statement made in the prosecutor's closing argument, and failure to properly cross-examine investigators concerning Green's alibi). (*See id.*; *see also* ECF No. 1 at 6–9; ECF No. 1-1 at 2, 4.) This failure results in the procedural default of these claims because they were not timely presented to either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. *See Bintz*, 403 F.3d at 864. And,

even with respect to the claims he raised before the Wisconsin Court of Appeals, because he failed to petition for review in the Wisconsin Supreme Court, those claims are also unexhausted and procedurally defaulted. *Id*.

## II. The Wisconsin Court of Appeals Dismissed Green's Ineffective Assistance of Appellate Counsel Claim on Adequate and Independent State Law Grounds.

Green's ineffective assistance of appellate counsel claim fails because the Wisconsin Court of Appeals rejected that claim without an evidentiary hearing. *See State v. Allen*, 682 N.W.2d 433, 446 (Wis. 2004). Under Wisconsin law, a detainee alleging ineffective assistance of appellate counsel must file a *Knight* petition in the Wisconsin Court of Appeals. *State ex rel. Kyles v. Pollard*, 847 N.W.2d 806, 811 n.11 (Wis. 2014). The Court of Appeals considers the issues presented in a *Knight* petition and sends the matter back to the trial court for a *Machner* hearing and factual findings if any are necessary. *State ex. rel. Panama v. Hepp*, 758 N.W.2d 806, 812 (Wis. Ct. App. 2008). The trial court can take testimony from appellate counsel on the issues raised. *See Machner*, 285 N.W.2d at 908–09; *see also Hepp*, 758 N.W.2d at 814. But Wisconsin law does not provide a defendant with a *Machner* hearing unless he "provide[s] sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *Allen*, 682 N.W.2d at 446.

The Wisconsin Court of Appeals clearly and expressly denied Green's *Knight* petition based on his failure to allege facts sufficient to warrant a *Machner* hearing. (ECF No. 16-9 at 3–4 ("Green's petition falls short of satisfying the requisite [pleading] standards.").) The Seventh Circuit has confirmed that when a state court relies upon *Allen* to deny relief, that denial is an adequate and independent state law ground for the purposes of procedural default in federal habeas corpus proceedings. *See Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014). Because state court rulings based on adequate and independent state law grounds may not be presented in a federal habeas petition, *see Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004), Green's ineffective assistance of trial counsel claim must also be dismissed.

Green argues that the Wisconsin Court of Appeals did not deny his *Knight* petition because of insufficient facts but because his arguments were "underdeveloped" and because he "fail[ed] to allege" facts to obtain an evidentiary hearing. (ECF No. 17 at 20.) He insists that this is "in contradiction to federal ruling" and that *Allen* is therefore inapplicable. (*Id.*) Green's argument is confusing; he does not explain what federal rule precludes application of *Allen*. In any event, he

concedes, and the record confirms, that the Wisconsin Court of Appeals dismissed his case because his brief was underdeveloped and he failed to allege sufficient facts to warrant a *Machner* hearing. This means the state court's ruling was based on *Allen*, which, under Seventh Circuit law, is an adequate and independent state law ground, resulting in procedural default and thus precluding federal relief. *See Lee*, 750 F.3d at 693–94.

III.   **Green Has Not Demonstrated Cause or Prejudice for His Procedural Default.**

While Green's claims are procedurally defaulted, a habeas petitioner can overcome procedural default by showing cause and prejudice for the default or that failing to consider his claims on the merits would result in a fundamental "miscarriage of justice." *Perruquet*, 390 F.3d at 514–15 (citations omitted). Green first argues he has shown cause and prejudice because his appellate counsel was ineffective and failed to raise all his claims at the appellate level (an argument made in his petition and the reason it survived screening). (ECF No. 17 at 15–16.) This argument fails because Green's ineffective assistance of appellate counsel claim was *also* procedurally defaulted. In *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000), the Supreme Court reversed a Sixth Circuit decision that had found cause to excuse a procedural default based on ineffective assistance of counsel, although the ineffective assistance of counsel claim was also procedurally defaulted. The Supreme Court explained that a "procedurally defaulted ineffective-assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Id*. As discussed above, Green's ineffective assistance of appellate counsel claim is procedurally defaulted, because the state court decided the issue on adequate and independent grounds. Green offers no cause or prejudice argument for the procedural default of his ineffective assistance of appellate counsel claim, (*see* ECF No. 17 at 20), and that claim therefore cannot be used as an excuse for procedural default of his ineffective assistance of trial counsel claims.

Green also argues that he has shown cause and prejudice because his appellate counsel has a "constitutional duty to provide Green with effective assistance to seek discretionary review" from the Wisconsin Supreme Court. (ECF No. 17 at 18–19.) This is incorrect: "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals." *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (quoting *Wainwright v. Torna*, 455 U.S. 586, 587 (1982)). A petitioner cannot establish "cause" by arguing his counsel failed to petition

the Wisconsin Supreme Court for discretionary review. *See id.* (rejecting a petitioner's argument that he established "cause" because his counsel was ineffective when petitioning the Supreme Court of Illinois for discretionary review). Green's failure to petition for review falls on his own shoulders, and his own failure to exhaust his claims does not constitute cause. Accordingly, Green procedurally defaulted on all his claims.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is if "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up) (citation omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition.

## CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss, ECF No. 15, is **GRANTED** and Green's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Green's Motion for Release, ECF No. 19, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on March 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge