JAMES D GREEN,

        Petitioner,

v.

        Case No. 24-cv-1638-bhl

CHRIS STEVENS,

        Respondent.

## ORDER

Petitioner James Green seeks reconsideration of this Court's March 9, 2026 order granting Respondent Chris Stevens's motion to dismiss Green's habeas petition. (ECF No. 22.) The Federal Rules of Civil Procedure do not provide for motions to reconsider. Accordingly, the Court will treat Green's motion as a Rule 59(e) motion to amend judgment, given that it was timely filed within 28 days of the Court's dismissal order.[1]

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" *Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

In its dismissal order, the Court concluded that all seven of Green's habeas claims were procedurally defaulted. (ECF No. 20.) The Court explained that his ineffective assistance of trial counsel claims failed because Green had not exhausted them in the state court system and that his

---

[1] On March 27, 2026, Green also filed a motion to supplement the record and attached a highlighted version of the Wisconsin Court of Appeal's order denying his claim for ineffective assistance of appellate counsel. (ECF No. 23.) Because this order is already in the record, (*see* ECF No. 16-9), the Court will deny the motion.

ineffective assistance of appellate counsel claims failed because the state court rulings were supported by adequate and independent state law grounds. (*Id.* at 3–5.) The Court further concluded that Green had not demonstrated cause or prejudice for his procedural default, warranting dismissal. (*Id.* at 5–6.)

In his motion to reconsider, Green cites *State ex rel. Schmelzer v. Murphy*, 548 N.W.2d 45, 47–48 (Wis. 1996) and argues that the Court made a mistake by failing to recognize his right to counsel in connection with his petition for review to the Wisconsin Supreme Court. (ECF No. 22 at 1–2.) Green misunderstands the standard applicable to a federal habeas petition. While *Murphy* explains that there is a *state law* statutory right to counsel in petitions for review and cases before any Wisconsin court, 548 N.W.2d at 47–48, this right is not a federal constitutional claim for purposes of a federal habeas petition. As explained in the dismissal order, federal courts have long held that "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals." (ECF No. 20 at 5–6 (quoting *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000)).) A petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 allows a petitioner to challenge custody only if the custody "violates the Constitution, laws, or treaties of the United States." Rule 1(a)(2), Rules Governing §2254 Cases. Wisconsin state law regarding a right to counsel—which is what Green cites—is not a basis for granting federal habeas relief. Accordingly, Green's suggestion that the Court made a manifest error of law in connection with this claim is incorrect. *See Harrington*, 433 F.3d at 546.

Green next takes issue with the Court's ruling that "[t]he Wisconsin Court of Appeals clearly and expressly denied Green's *Knight* petition based on his failure to allege facts sufficient to warrant a *Machner* hearing." (ECF No. 22 at 2 (citing ECF No. 20 at 4).) He insists that this is inaccurate, pointing to the Wisconsin Court of Appeals language that Green "fail[ed] to adequately allege prejudice." (*Id.* at 3–4 (citing ECF No. 16-9 at 3–4).) This misses the point. The Wisconsin Court of Appeals determined that Green did not adequately allege prejudice in his petition and, based on this determination, further held that he had not alleged facts sufficient to warrant a *Machner* hearing. (*See* ECF No. 16-9 at 3–4.) The Court cannot agree that this argument shows the Court made a manifest error of fact. *See Harrington*, 433 F.3d at 546.

Last, Green argues that he had a right to counsel for his first appeal. (ECF No. 22 at 3–4.) The Court agrees—but it is uncontested that Green *did* have counsel during his first appeal (although Green believes that counsel was ineffective). Green's underlying claim that his appellate

counsel was ineffective was denied by the Wisconsin courts on adequate and independent state law grounds, as already explained to Green in the Court's dismissal order. (*See* ECF No. 20 at 4–5.) Green has not shown that the Court's ruling was based on any manifest error of law or fact. *See Harrington*, 433 F.3d at 546. Accordingly, Green's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Green's motion for reconsideration, ECF No. 22, is **DENIED**.

**IT IS FURTHER ORDERED** that Green's motion to supplement, ECF No. 23, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 6, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge